IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY PERKINS-TINSLEY et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-02489-E |
| | § | |
| BRIAN FROST et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' First Amended Motion for Leave to Designate Responsible Third Parties (Motion), which seeks to add an unknown "John Doe" as a responsible third-party defendant to this proceeding. (ECF No. 18). Plaintiffs responded. (ECF No. 19). Having carefully considered the motions; the Parties' briefing; and the applicable law, for reasons that follow, the Court denies the Motion.

### I.  BACKGROUND

This case involves a dispute over a motor vehicle collision. (ECF No. 5). On November 8, 2023, this case was removed to federal court. (ECF No. 1). On November 8, 2023, Defendant Lion Transport LLC filed its answer in the state court proceeding, which contains no facts about any third party. (ECF No. 1-8).[1] On January 16, 2024, Defendant Tri-State Truck Center, Inc. filed its

---

[1] This answer does make passing reference that:

> . . . Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiffs, Co-Defendants, and/or any other third parties.

(ECF No. 1-8 at 2).

answer, which contained no facts about any third party. (ECF No. 7).[2] On March 25, 2024, Defendant Frost filed his answer, which contains no facts about any third party. (ECF No. 13).[3] On April 15, 2024, Defendants filed their first amended answer, which states, *inter alia*:

> Defendants assert an unknown responsible third party caused the incident made the basis of this suit and/or Plaintiffs' alleged losses and injuries when the unknown driver committed criminal act(s) which include, but are not necessarily limited to, violations of the Texas Transportation Code. The only known identifying characteristics of the unknown person known to Defendants is that the person was driving a Dodge Charger westbound on Interstate Highway 30 in Dallas County, Texas near Exit number 61A on June 15, 2023.

(ECF No. 17 at 3).

On April 9, 2024, Defendants moved to designate a responsible third party—the unknown driver of the Dodge Charger, which Defendants refer to as John Doe. (ECF No. 16).[4] On April 15, 2024, Defendants filed their amended motion to designate this same responsible third party—John Doe. (ECF No. 18). Plaintiffs responded to the Motion. (ECF No. 19). Defendants filed no reply on their Motion. Having been fully briefed, Defendants Motion is ripe for adjudication. (ECF No. 18).

## II.   LEGAL STANDARD

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort . . . may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (citing Tex. Civ. Prac. & Rem. Code Ann. § 33.002). Chapter 33 of the Texas Civil Practice

---

[2] Frost's original answer contains the same averment regarding reduction of percentage of causation as found in Lion Transport LLC's answer. (*Compare* ECF No. 13 at 2 *with* ECF No. 1-8 at 2).

[3] Frost's original answer contains the same averment regarding reduction of percentage of causation as found in Defendant Tri-State Truck Center, Inc.'s answer. (*Compare* ECF No. 7 at 2 *with* ECF No. 13 at 2).

[4] The Parties also refer to this unknown driver of a Dodge Charger as an "unknown person." For consistency, the Court refers to this unknown driver of a Dodge Charger as "John Doe."

and Remedies Code applies to all common law torts and statutory torts that do not have a separate and conflicting fault-allocation scheme. Tex. Civ. Prac. & Rem. § 33.002; *JCW Elec., Inc. v. Garza,* 257 S.W.3d 701, 704–07 (Tex. 2008). The statute applies to federal diversity cases under the Erie Doctrine, as it is state substantive law that does not conflict with Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart. *Nationwide Lloyds Ins. Co. v. Norcold, Inc.,* Nos. 09–0113 & 09–0114, 2009 WL 3381523, at *2 n. 1 (W.D. Tex. Oct.19, 2009); *Harris Constr. Co. v. GG–Bridgeland, LP,* No. 07–3468, 2009 WL 2486030, at *1 n. 1 (S.D. Tex. Aug.10, 2009); *see generally*, Fed. R. Civ. P. 14.

Pertinent here, Texas Civil Practice and Remedies Code states the following procedure for the designation of an *unknown* responsible third party:

> (j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>> (1) *the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal*;
>> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. § 33.004(j) (emphasis added). The Texas Supreme Court has explained that a movant seeking to designate an unknown person as a responsible third party must strictly comply with the procedure found in Texas Civil Practice and Remedies Code § 33.004(j). *In re Gonzales*, 619 S.W.3d 259, 263–64 (Tex. 2021) ("[M]otions to designate unknown persons will be denied unless the defendant satisfies strict pleading requirements. **Construing subsection (j)**

**as the exclusive means by which defendants can designate unknown persons as responsible third parties honors the statute's distinction.**") (emphasis added in bold); *see also Estate of Figueroa v. Williams*, No. CIV A V-05-56, 2007 WL 2127168, at *1 (S.D. Tex. July 23, 2007) ("[T]he Court reads § 33.004(j) as providing a distinct procedure for designating unknown responsible third parties. According to that subsection, the designating party must-as a prerequisite-allege that the unknown third parties are criminally responsible in a separate answer filed within sixty days of the original answer.").

### III. ANALYSIS

**A. Whether Defendants Timely Complied with Texas Civil Practice and Remedies Code § 33.004(j)**

Plaintiff challenges the timeliness of Defendants' compliance with Texas Civil Practice and Remedies Code § 33.004(j). The docket shows (i) Lion Transport LLC filed its answer on November 8, 2023; (ii) Tri-State Truck Center Inc. filed its answer on January 17, 2024; and (iii) Defendant Frost filed his answer on March 25, 2024. (*See* ECF Nos. 1-8; 7; 13). Defendants filed their amended answer, which describes some facts about John Doe on April 15, 2024. (*See* ECF Nos. 17); *see generally* Tex. Civ. Prac. & Rem. § 33.004(j). The docket shows that Defendants Lion Transport LLC and Tri-State Truck Care Center Inc. have exceeded 60 days from the date of their respective original answer(s) to the date of the amended answer that contains allegations that an "unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit." Tex. Civ. Prac. & Rem. § 33.004(j).[5] Thus, the Court DENIES leave to designate a responsible third party as to Defendants Lion Transport LLC and Tri-State

---

[5] Defendants appear to concede this point as their amended briefing only discusses Frost's answer. (ECF No. 18 at 4) ("Defendant Brian Frost, not later than 60 days after the filing of his Original Answer, has alleged in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of this lawsuit.").

Truck Care Center Inc. However, Defendant Frost's original answer and the consequent amended answer was filed before the 60-day deadline found in Texas Civil Practice and Remedies Code § 33.004(j), so the Court next addresses whether Frost met the latter requirements of the rule. *See* Tex. Civ. Prac. & Rem. § 33.004(j)(1).

### B. Whether Defendants have Pleaded Facts Sufficient for the Court to Determine that There is a Reasonable Probability that the Act of the Unknown Person Was Criminal

Plaintiff challenges that Defendants' pleadings do not assert factual allegations that John Doe's acts were criminal. Here, none of Defendants' pleadings provide any factual basis that there is a reasonable probability that John Doe's acts were criminal. (*See* ECF Nos. 1-8; 7; 13; 17). Defendants appear to suggest that their "summary of facts"[6] found in their motion briefing satisfies the "pleading" requirement of Texas Civil Practice and Remedies Code § 33.004(j), but "[m]otions are not pleadings." *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 454 (5th Cir. 2022); *see Sec. & Exch. Comm'n v. Novinger*, 96 F.4th 774, 781 (5th Cir. 2024) (quoting the same); *see generally Crowson v. Wakeham*, No. 05-93-01552-CV, 1996 WL 283277, at *6 (Tex. App.—Dallas May 29, 1996, no writ) ("Motions are not pleadings.") (citing *Jobe v. Lapidus*, 874 S.W.2d 764, 765-66 (Tex. App.—Dallas 1994, writ denied)). As Defendants have failed to plead facts sufficient to determine that there is a reasonable probability that John Doe's acts were criminal, the Court DENIES the Motion in its entirety.

---

[6] Defendants' "summary of facts" provides, *inter alia*:

> As Frost was driving down the highway in the center lane, a Dodge Charger driven by an unknown person approached from his right illegally and recklessly swerved towards Frost's tractor-trailer in an attempt to squeeze between Frost's vehicle and another 18-wheeler. To avoid a collision with the Charger, Frost applied his brakes and was forced to perform an evasive maneuver to the left to avoid the Charger's path of travel.

(ECF No. 18 at 2). Assuming *arguendo* the Court were to consider the above as pleaded facts, such assertions are insufficient for the court to determine that there is a reasonable probability that the act(s) of John Doe was criminal.

### C. Failure to Comport with Northern District of Texas Local Civil Rules

The above notwithstanding, Defendants' Motion contains no certificate of service. (ECF No. 18 at 5). Northern District of Texas Local Civil Rule 7.1 requires a certificate of conference on motions for leave. N.D. Tex. Loc. Civ. R. 7.1. Although the Court could deny Defendants' Motion on this basis as a part of its docket control powers,[7] the Court declines such action at this time.

### IV. CONCLUSION

For the reasons enumerated above, the Court DENIES Defendants' Motion. (ECF No. 18). The Court further DENIES Defendant's previous Motion for Leave to Designate Responsible Third Parties, (ECF No. 16), as moot.[8]

**SO ORDERED.**

24th day of June, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[7] The Fifth Circuit has further recognized the Court's inherent power "to control its own "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995). The Court recognizes that the Northern District of Texas's Local Rules exist as a means of docket control.

[8] The Court notes that Defendants' counsel has repeatedly contacted the Court's Judicial Assistant regarding a request for a hearing on Defendants' Motion. Defendants' Motion requests no hearing. (*See* ECF No. 18). The Court discourages such contact when formal request has not been made in motion practice.